O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATE WMALT SERIES 2006-AR9,<br><br>                    Plaintiff,<br><br>    v.<br><br>ADALBERTO ESPINOSA; CHERYL M. ESPINOSA,<br><br>                    Defendants. | Case No. CV 14-00922 DDP (ASx)<br><br>**ORDER REMANDING CASE TO STATE COURT** |

   Plaintiff initiated this unlawful detainer action against Defendants on December 6, 2013 in Los Angeles Superior Court concerning property located at 6814 Andover Ave., Lancaster, CA 93536.  Defendants removed to this court on February 6, 2014.

   A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."  28 U.S.C. § 1441(a).

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant always bears the burden of establishing that removal is proper. Id.

Defendants assert that this case implicates a federal question and that jurisdiction may therefore be exercised under 28 U.S.C. § 1331 because Plaintiff's Notice to Quit mentions the Protecting Tenants at Foreclosure Act of 2009 ("the PTFA"). (Notice of Removal ¶ 7.) "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quotation, citation, and alteration omitted). In the present case, no federal question appears from the face of the Complaint. Instead, Plaintiff's unlawful detainer action was brought pursuant only to California law.

Moreover, Defendant's argument that the PTFA is drawn into controversy is premised on Defendants' anticipated defense that Plaintiff did not allow the ninety day period required by the PTFA to elapse before filing her claim. (Notice of Removal ¶ 7.) However, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense: 'It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal

2

law].'" Discover Bank at 60, quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

   Accordingly, the court REMANDS this case to state court. In addition, the SCHEDULING CONFERENCE set for April 21, 2014 at 3:30 p.m., is vacated.

IT IS SO ORDERED.


Dated: March 13, 2014

                                    DEAN D. PREGERSON
                                    United States District Judge


cc: order, docket, remand letter to
Los Angeles Superior Court, Lancaster, No. 13UA2798